## COCHRAN vs. RISON.

1. New matter, which has arisen or been discovered after publication of testimony has passed in the original suit, may be brought forward by bill of review.

2. The objection that the original decree has not been obeyed or performed, cannot be raised by a general demurrer to a bill of review, filed for the purpose of annulling or reversing it. The objection can go only to the propriety of filing the bill, and not to the equity of it when filed.

3. The chancellor has the power, under the statute of this State, to direct the decree on the original bill to be stayed in such manner as he may deem advisable; or he may allow the bill of review to be filed, and let the complainant proceed with the execution of the original decree.

4. An agreement entered into between the complainant and one of the defendants after publication of testimony has passed, whereby the complainant, for a valuable consideration paid him by said defendant, agrees to proceed no further against him in the original suit, and reserves his right to proceed against the other defendant, is good matter for a bill of review, and entitles said defendant to relief against the original decree.

ERROR to the Chancery Court of Madison.
Tried before the Hon. D. G. Ligon.

The bill in this case alleges, that in the year 1843, the plaintiff in error filed his original bill in equity, setting forth a partnership between the plaintiff in error, James M. Cochran, Archibald Rison, Joseph Caruthers and James M. Martin, praying that an account might be had of the partnership transactions, with the view of ascertaining how much the firm was indebted to him, and for a decree in his favor for the amount that might be ascertained to be due to him. It is also alleged that the defendant in error, the complainant below, and the other members of the firm answered the bill, after which the bill was amended, and that they answered the amended bill. It is further alleged that depositions were taken, and an order of reference was made to state the accounts between the parties; that a report was made by the master to which exceptions were filed, and that the exceptions were set down to be heard by the chancellor. It is also alleged, that after the report was made, and the exceptions thereto filed, and only a few days before the final hearing, the said Cochran, by his agreement in writing, in consideration of $400 paid to him by the complainant, bound himself to proceed no further in said

suit against the complainant, for any part of the liability sought to be enforced by said bill; but that the agreement stipulated that Cochran should reserve his right to proceed against the other defendants to said suit, as if no agreement had been made, which agreement was left in the possession of James Robinson, the solicitor of said Cochran; that on the final hearing of the cause, upon the exceptions to the master's report, this agreement was proved and filed amongst the papers, complainant believing at the time that he would obtain the full benefit of this agreement upon the final decree; but that the decree was rendered, without regard to this agreement, against this complainant, as well as against his copartners. It is also alleged that, immediately after the adjournment of Court, Cochran obtained an execution, and is now seeking to enforce the collection of the entire amount of the decree out of the complainant. The agreement is set out, as an exhibit to the bill, as well as the decree rendered in favor of Cochran upon his bill, from which it appears that Cochran recovered against Martin individually $285 $\frac{57}{100}$, and against this complainant and Caruthers, jointly, the sum of $2262 $\frac{63}{100}$. The bill prays that the decree rendered on the original bill may be reviewed, that it be reversed, and for nought held, and the complainant placed in the same situation as he would have been, had it never been rendered. It also prayed an injunction, restraining the execution of the decree.

The answer of Cochran, who alone was made a party to the bill, admits the execution of the agreement, and states that it was further agreed that this agreement should be kept secret from Caruthers, the other defendant, but that the complainant had violated this part of the agreement; and in effect also admits that he is attempting to coerce the entire amount of the decree out of the complainant. The answer concludes with a demurrer to the bill, and several causes of demurrer are assigned:

1st. That there is no equity in the bill;

2d. That it is not shown that there is any error apparent on the face of the decree;

3d. That the bill does not disclose any new fact discovered since the decree;

4th. That the agreement cannot operate as a discharge of

the whole debt; besides several other grounds, not necessary to notice.

The chancellor granted the prayer of the bill, and vacated the decree as to the complainant.

JAMES ROBINSON, for plaintiff in error.

Bills of review may be brought for errors apparent upon the face of the decree, and for facts discovered too late to be made available on the first hearing. Story's Equity Plead. 424, §§ 404, 405; 3 Daniel's Ch. Plead. & Pr. 1727.

There is no pretext for saying this bill was properly brought upon the first ground; for there is not only no error upon the face of the decree, but there is no error in it for which this court would reverse.

If the paper offered was worth any thing, its worth should have been asserted in a different mode. It was not put in issue, and therefore not admissible evidence for any purpose.

Then upon the second ground: Was this fact discovered after the decree, or so lately before it that defendant had no opportunity to avail himself of it? The paper relied on was made on the 7th November, 1848, and the succeeding term was on the first Monday in December after.

Now the question is, was there any way or mode by which the defendant could have put this fact of payment in issue.

It has been held by some, that this might be put in issue by a cross bill. 3 Daniel's Ch. Plead. & Pr. 1743; Story's Equity Plead. 414, § 392.

From this, it seems it could have been accomplished by cross bill.

By our statute, and decisions founded upon it, any part of the pleadings at any stage of the cause may be amended. Clay's Digest, 351, § 27; 9 Ala. 547.

So that it appears, that there were two ways in which he could easily have put this fact in issue. If there was a possibility of using the new fact in the first case, then such a bill will not lie. 3 Daniel's Ch. Plead. & Pr. 1727.

2. But were it even put in issue, it would not avail, for the agreement was without consideration. A restoration of a part of a debt is no consideration for a promise to suspend the collection of the balance. Leverett & Co. v. Bates, 6 Ala.

482; Wilson v. Bank of Orleans, 9 Ala. 847; 7 Johns. R. 209; 2 Cow. 139; 12 Johns. R. 426.

3. This bill is predicated upon new facts, and should, therefore, have been filed by leave of the Court first obtained therefor. 3 Daniel's Ch. Plead. & Pr. 1732; Story's Equity Pl. 430, § 412.

This leave not having been obtained in this case, the bill must be dismissed.

R. C. BRICKELL and E. R. WALLACE, contra.

1. If a party seeks to reverse a decree which has been signed and enrolled, upon error apparent, or on new facts, or facts discovered since publication passed in the original cause, he must file a bill of review. 3 Daniel's Ch. Pr. 1724.

2. Matter discovered after a decree has been rendered, although not capable of being used as evidence of anything, which was previously in issue in the original cause, but constituting an entirely new issue, may yet be the subject of a bill of review, or of a supplemental bill in the nature of a bill of review. Story's Eq. Pl. § 416.

3. If a bill of review is grounded on new matter, *it must be new and material matter, pressing upon the decree, which has arisen, or been discovered* at too late a period to have been made available by proper diligence on the former hearing. Caller v. Shields *et al.* 2 Stew. & Port. 417; Williams v. Murphy, 1 Porter, 40; Story's Eq. Pl. § 412.

4. The ordinance of Lord Bacon respecting bills of review, is "new matter, which hath arisen in time after the decree, and not any new proof, which might have been used, when the decree was made." Story's Eq. Pl. §§ 404, 424.

5. It is sufficient, if the new matter was not discovered until after publication. Caller v. Shields, *supra;* Story's Eq. Pl. § 415.

6. The reason of the rule authorizing bills of review, upon discovery of new matter, after the time when it could have been used in the original suit, applies to this case. It certainly can make no difference, that the fact did not exist prior to the publication of testimony in the original cause. It is not the time when the fact occurred, that is material in the consideration of this question. The remedy by bill of review is

given, because, when the party is in a condition to use the fact, the original cause has passed the stage when testimony of the fact could be introduced.

7. A cross bill could not have been filed in this case. A cross bill must be filed before publication passes in the original cause, unless the plaintiff in the cross bill will go to trial on the proof already published. Governeur v. Elmendorf, 4 John. Ch. Rep. 351. Story's Eq. Pl. 426, § 395.

8. An amendment of the answer would not have been available. Facts occurring subsequently to the filing of the original answer, cannot, with propriety, be put in issue by an amended answer. Story's Eq. Pl. 867, § 903. See, also, McKinley v. Irvine, 13 Ala. 681.

9. This bill may, however, be sustained as a bill impeaching the decree for fraud. Bills of this sort are original bills, in the nature of a bill of review. Story's Eq. Pl. §§ 426, 445.

10. Where a decree has been obtained by fraud and imposition, the court will restore the parties to their former situation, whatever their rights may be. Story's Eq. Pl. §§ 426, 446. Of the fraud, in this case, there can be no doubt. Cochran, by his agreement, stipulates, "not to proceed any further against Rison." He discharges him from all liability, and in effect, promises to dismiss his suit as to Rison.

11. A bill, in the nature of a bill of review, impeaching a decree for fraud, may be filed without leave of the court. Story's Eq. Pl. §§ 426, 446.

12. Our statute abolishes the rule of the English Chancery Court, requiring bills of review, grounded on new matter, to be filed only by leave of the court. Clay's Dig. 350, § 30. By that statute, the chancellor is authorized, when a bill praying a review of proceedings, in which a decree shall have been pronounced, is presented, to make an order staying proceedings, &c., or to refuse a stay of the proceedings. The English rule proceeds upon the ground that there may be cases where, although the facts, if admitted, would change the decree, yet the court, looking to all the circumstances of the case, may deem it unadvisable to permit the bill to be filed; therefore, the granting of such a bill is not a matter of right, but rests in the sound discretion of the court. Story's Eq. Pl. §417. Our statute proceeds on the same ground, and dis-

penses with the necessity of procuring leave, by authorizing the chancellor, where such a bill is presented, to stay proceedings. As to the effect of this statute, P. & M. Bank v. Dundas, 10 Ala. 661. But if wrong in this position, it is too late for the plaintiff in error to make this objection now. Having without objection answered the bill, and proceeded to trial in the court below, this court will not entertain the objection. Walker *et al.* v. Hallett, 1 Ala. 579; Holman v. Bk. of Norfolk, 12 Ala. 369.

DARGAN, C. J.—No question has been made as respects the parties to this bill, neither in this court, nor in the court below; and we will therefore pass to the consideration of such questions as grow out of the assignments of error.

1st. Does the bill set forth such matter as will warrant a bill of review? The main ground on which it is filed is the written agreement, by which the plaintiff in error stipulated that, in consideration of $400 paid by the complainant to him, he would proceed no further in the original suit against this complainant to coerce payment from him of the liability sought to be enforced by the original bill, but reserved to himself the right to proceed against his co-partner.

This agreement was entered into, not only after publication had passed in the original cause, but after a reference had been made to the master, and he had prepared his report, to which exceptions had been filed, and only a few days before the cause was to be heard on the report of the master. As the cause then stood, this agreement could not have been brought before the court at the final hearing, and unless it can be brought forward by bill of review, the complainant can derive no benefit from it. I think it clear, that it forms the proper subject matter for a bill of review. The rule is, that if the new matter has arisen, or ·been discovered, after publication has passed, it may be brought forward by way of bill of review. Story's Eq. Pl. § 413; Livingston v. Hubbs, 3 John. Ch. R. 124; Dexter v. Arnold, 5 Mason, 303.

2d. It may also be objected, that the original decree sought to be annulled and reversed has not been obeyed and performed by the complainant. But this objection could not be raised by a general demurrer, even in England, where the gen-

eral rule was, that the decree must be performed, before a bill of review could be allowed. This, however, was but a general rule, and was often dispensed with. Daniel's Ch. Prac. Vol. 3, 1726. And in the case of Savill v. Darrey, (1 Chan. Cases, 42) the objection being taken after the bill was filed, the chancellor allowed the complainant to give security for the payment of the sum awarded by the original decree, and to proceed with the cause. This shows, that if the objection had been made in the court below, the bill itself would not have been considered defective, but that the complainant might have been allowed to give security to perform the original decree, and then to have proceeded. Indeed, this objection can go, only, to the propriety of filing the bill, and not to the equity of the bill when filed.

But, independent of this, under our statute, the chancellor has the right to direct the decree on the original bill to be staid in such manner as he may deem advisable, or he may allow the bill to be filed, and let the complainant proceed with the execution of the decree in the original cause, (Clay's Digest, 350); and in the case at bar, by a restraining order, he enjoined the execution of the original decree. Had the objection, therefore, been made in a proper manner, and at the proper time, it could not have prevailed; but it is self-evident, that it could not be successfully urged in this court, by means of a general demurrer to the bill.

The answer admits all the material allegations of the bill, and the sole question, therefore, is, whether the bill warrants the decree that was rendered. Without undertaking to say what influence this agreement would have, between the plaintiff in error and Joseph Caruthers, the copartner of the complainant, we think it clear, that it is binding, as between the complainant and defendant. There was neither fraud nor misrepresentation in its execution, and Cochran had a full knowledge of the condition of his original suit at the time he entered into the contract. It therefore binds him, and the chancellor did not err in the decree that he rendered.

LIGON, J. having been the chancellor who pronounced the decree in the court below, did not sit in this cause.