# Palmer *v.* The State.

## *Incest.*

(Decided Dec. 16, 1909.   51 South. 358.)

1. *Continuance; Witnesses; Process.*—The facts and circumstances of this case examined, and it is held the action of the court in denying a continuance was an exercise of its sound discretion, that no abuse of same was shown, and that the defendant was denied no constitutional right.

2. *Adultery; Evidence; Opportunity.*—Where there was evidence that the female had given birth to a child, it was competent, as showing opportunity, and as tending to exclude the possibility of intercourse with others, to show that for some time before, and during which time the child might have been begotten, defendant, the female and the grandparents of the female lived alone in a certain house.

3. *Evidence; Accomplice.*—On a charge of incestuous adultery the age of the female is material, for if over the age for consent at the time of the intercourse, and she consented, she was particeps criminis and no conviction could be had on her uncorroborated testimony.

4. *Same; Hearsay; Exception to the Rule.*—In a prosecution for adultery, testimony of the mother of the female giving birth to a child, that on the morning of the birth the female said that the defendant was the father of the child, is not within the rule permitting hearsay evidence of birth, relationship, etc., by a relative since deceased, made before the controversy arose.

5. *Trial; Reception of Evidence.*—Although the age of the female is material in a prosecution for adultery, the court will not be put in error for refusing to permit the defendant to ask the mother of the female how long after her marriage before the female was born, since its purpose was not made known to the court, and it did not then appear that it was asked for the purpose of fixing age, and the date of the marriage had not then been fixed.

6. *Appeal and Error; Harmless Error; Evidence.*—Where a witness answers a question fully in response to another question propounded, it is harmless error to sustain an objection to such a question.

7. *Same; Presumptions.*—It will not be presumed upon appeal, for the purpose of putting the trial court in error, that the word "exclusion" was used in a charge refused, where it appeared in the record that the word "seclusion" was inaptly used, thus justifying the refusal of the charge.

8. *Charge of Court; Covered by Charges Given.*—The trial court will not be put in error for refusing charges substantially covered by written charges given.

[Palmer v. The State.]

9. *Witnesses; Examination; Cross.*—Where the woman testified that the defendant, in a prosecution for adultery, was the father of her child, the defendant was entitled, upon a cross-examinaion of the witness, to have her say whether or not about the time of conception she had had intercourse with other men, since that would tend to weaken her statement that he was the father, and this is true although the defendant might have been guilty under the evidence, although not the father of the child.

APPEAL from Marion Chancery Court.

Heard before Hon. C, P. ALMON.

Fayette Palmer was convicted of incestuous adultery and he appeals. Reversed and remanded.

A. H. CARMICHAEL, and E. B. & K. V. FITE, for appellant.—The court erred in refusing to continue the case to the next term, and grant defendant attachment for his witnesses returnable then. At least the court should have granted a continuance to a succeeding day of the term and had attachment for defendant's witnesses returnable then.—Sec. 6, Const. 1901; *Walker v. The State,* 117 Ala. 85. The court erred in permitting it to be shown that only defendant, the female and her grand parents were staying at the house. The court should have permitted the defendant to show age of the female.—Section 7700, and 7897, Code 1907, and authorities there cited. The court erred in permitting the mother to state what the daughter told her the morning of the day of the birth of the child as to who was its father. On this sort of hearsay evidence Jesus Christ could be convicted of the murder of Abraham Lincoln. Counsel discuss other assignments of error relative to evidence, but without citation of authority. They insist that charge 20 should have been given.—*Curd v. The State,* 94 Ala. 100; *Forney v. The State,* 98 Ala. 21.

ALEXANDER M. GARBER, Attorney General, for the State.—The court did not err in refusing a continuance.

—*Terry v. The State,* 120 Ala. 287. The court did not err relative to the admission and exclusion of evidence. —22 Cyc. 54; *De Hart v. The State,* 109 La. 570.

SAYRE, J.—We cannot say that the defendant was denied any constitutional right when the court refused to continue or postpone his trial in order that some of his witnesses might be brought into court by attachment. The Constitution provides that in all criminal prosecutions the accused has a right to have compulsory process for obtaining witnesses in his favor. This constitutional assurance is something more than an empty collocation of words. It secures an invaluable right, and its purpose is not to be served by an order for compulsory process made at a time and under conditions which indicate that such process cannot be executed in time to bring the witness to the trial. On the other hand, it is not to be so construed in practice as to permit the accused to secure delay by applying for process at the last moment. To fasten error upon the trial court, it must be made to appear that the application was seasonably made, and accompanied by a showing as to what the absent witness is expected to swear in order that the court may judge of its materiality. In the case at bar, the defendant made his application for process after the state had announced ready for trial. This was upon the second judicial day of the week, and, while defendant's counsel stated to the court that the witnesses for whom process was desired were material witnesses for the defendant, it was not made to appear what the evidence was which counsel deemed material, nor that the application for process might not, in the exercise of diligence, have been made in time to secure its execution and the presence of the witnesses at the trial. This is in accord with what was said in *Walker v. State,* 117

Ala. 85, 23 South. 670, as we understand that case. Defendant had process, returnable instanter, as was his right; and there was no error in refusing to continue or postpone the trial in order to insure its execution. Under these circumstances, the motion for delay was addressed to the sound discretion of the court.

Defendant was indicted for incestuous sexual intercourse or adultery with his niece. It appeared in evidence that this neice was somewhat more than 15 years of age at the time of the trial, and that she had given birth to a child about 10 months previously. The evidence for the state showed that for a considerable period covering the time when in the natural order of things the child had been begotten defendant and his niece lived together in the house with the defendant's parents, aged people. It was competent for the state to show that at the time no one other than the defendant, his niece, and her grandparents lived in the house, as showing opportunity for the crime, and as tending in some measure to exclude the probability that some other man had access to the woman.

The age of Rainey Palmer, the niece, was a fact of importance; for, if she was over the age of consent at the time of the act or acts of sexual intercourse to which she deposed, she was particeps criminis, if she consented, and her credibility became thereby so affected that no conviction could be had on her uncorroborated testimony.. But the circumstances under which the question to Creacy Palmer, the mother of Rainey Palmer, "How long was it after you were married until Rainey Palmer was born?" do not show clearly that the question was asked for that purpose, nor had the date of Creacy Palmer's marriage been so fixed, nor was the court given to understand the defendant's purpose to so fix it, as that the answer to the question would have

afforded a point of departure for estimating the age of
Rainey, which was the only legitimate purpose to be
served by the question; and, furthermore, at a later
stage of the trial the witness did answer the identical
question. On these considerations we will not put the
trial court in error on this point. Birth, age, relation-
ship, marriage, death, and legitimacy, when involved in
a question of pedigree, may be shown by the declara-
tions of relatives since deceased, made before the con-
troversy arose.—Jones, Ev. §§ 312-318; *White v.
Strother,* 11 Ala. 720; *Cherry v. State,* 68 Ala. 29; *Rog-
ers v. De Bardeleben Co.,* 97 Ala. 154, 12 South. 81;
*Scheidegger v. Terrell,* 149 Ala. 338, 43 South. 26. This
well-known exception to the general rule against hear-
say rests upon the supposed necessity of receiving such
evidence in order to avoid a failure of justice, and per-
haps in part upon other considerations. It is obvious
that the testimony of Mrs. Palmer that her daughter
Rainey in the evening after the morning in which the
child was born stated that the defendant was the father
of her child does not fall within the exception. There
was error in overruling defendant's objection to it.

There was also error in sustaining the state's objec-
tions to a number of questions put to Rainey Palmer
on cross-examination by which the defendant sought to
show that about the time when the child must have been
conceived the mother had sexual intercourse with dif-
ferent men. It is clear, of course, that if defendant was
guilty as charged, the degree or quality of his guilt was
not to be changed by the fact here sought to be proved.
On the other hand, the blood relation between defend-
ant and Rainey Palmer not being denied, proof of de-
fendant's paternity established necessarily the fact of
his guilt as charged. The prosecuting witness had tes-
tified that the defendant was the father of her child.

While the defendant may have been guilty without reference to the paternity of her child, yet, that fact having been testified to by the mother as an incriminating circumstance, plain principles of justice required that the defendant be given an opportunity on cross-examination to develop facts which necessarily would weaken the force of her statement. While, as has already been said in effect, if the fact of intercourse was established, proof that the woman had intercourse with other men would neither excuse nor mitigate his offense, yet in this case the woman's testimony, corroborated by the fact of her residence in the same house with defendant, alone tended to show defendant's guilt. No doubt, as the case was presented to the jury, the fact that the prosecuting witness had borne a child weighed heavily against the defendant. That being the case, he should have been permitted to show, if he could, the possibility or probability that some other man was the father of the child. Testimony of this character should be limited in its effect as indicated, and the time covered by it should be so circumscribed as that the acts testified to may tend to establish the paternity of the child. For no other purpose and under no other conditions can such testimony be received.

Able counsel have briefed the case for appellant, and they complain of the action of the trial court so far as instructions to the jury are concerned in two instances only. Other rulings have been examined, but hardly require special notice. Charge 20, refused to the defendant, contained a correct statement of the law; but it was a substantial duplicate of charge 23 which was given, and no error can be predicated of its refusal. If charge 15 is correctly transcribed into the record, it employed the word "seclusion" inaptly, and was well refused. We will not indulge an inference that "exclu-

[Gillman v. The State.]

sion" was the word used in order to put the trial court in error. Moreover, the burden of proof to be sustained by the state had more than once been correctly stated by the court to the jury.

For the errors indicated, the judgment of conviction must be reversed.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.