(108 So. 625)

**BROWN v. STATE.**   (8 Div. 428.)

(Court of Appeals of Alabama. May 11, 1926.)

**I. Incest ⚖⇒15—If state's evidence of incest is confined to acts prior to time girl reached age of consent, no corroboration of her testimony is necessary (Code 1923, § 5411).**

In incest prosecution if state's evidence of acts of incest is confined to times prior to when girl reached age of consent, no corroboration of her testimony is necessary under Code 1923, § 5411.

**2. Incest ⚖⇒15—Girl's testimony as to acts of incest after she became of age of consent must be corroborated, as she became particeps criminis (Code 1923, § 5635).**

In prosecution for incest where cause proceeded on theory that crime was proven after girl reached age of consent, her testimony must be corroborated under Code 1923, § 5635, as she became particeps criminis.

**3. Incest ⚖⇒15—Evidence held sufficiently to corroborate girl's testimony in prosecution for incest (Code 1923, § 5635).**

In prosecution for incest, evidence that girl was pregnant and defendant as head of house made no inquiries, and that he was frequently alone with her, and that she had no opportunities to be with other men, held to sufficiently corroborate girl's testimony under Code 1923, § 5635.

**4. Criminal law ⚖⇒696(2).**

Where accused's objections to questions were overruled and he reserved exceptions but made no motion to exclude the answers, he waived their admissibility.

**5. Criminal law ⚖⇒670.**

Sustaining objections to questions not showing that answers would be material or relevant will not be held error, where defendant did not inform court what he expected to prove.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Joe E. Brown was convicted of incest, and he appeals. Affirmed.

Wallace C. Porter, of Florence, for appellant.

There was no sufficient corroboratory evidence in this case, and the defendant was due the affirmative charge. Code 1923, § 5635. Prosecutrix being over 16, it was necessary that her testimony be corroborated. Palmer v. State, 165 Ala. 129, 51 So. 358.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Where objection is interposed to a question, but no motion is made to exclude the answer, nothing is presented for review. Taylor v. State, 20 Ala. App. 161, 101 So. 160; Gotcher v. State, 20 Ala. App. 207, 101 So. 310; White v. State, 20 Ala. App. 213, 101 So. 312; Holland v. State, 17 Ala. App. 503, 86 So. 118. There was no error in sustaining objections to questions where no showing was made as to materiality or relevancy. Randall v. State, 14 Ala. App. 122, 72 So. 214.

SAMFORD, J. [1, 2] The trial was had in September, 1925. The girl at that time was 17 years and one month of age. Some of the acts complained of happened before the girl was 16 years of age, and while there were others which took place after she was 16 years of age, the crime of incest was completed at a time when the girl had not reached the age of consent. If the evidence of the state had been confined to the times prior to the time that the girl had reached the age of consent, no corroboration of her testimony would have been necessary. Code 1923, § 5411. Palmer v. State, 165 Ala. 129, 51 So. 358. But the cause proceeded upon the theory of incestuous adultery and acts of intercourse were proven after the age of consent. The girl thereby became particeps criminis, and under the statute there must be corroboration to justify a conviction. Code 1923, § 5635.

[3] The corroboration was had by testimony of the brother that some years before he had seen the defendant take undue liberties with the girl, even when she was a child, and while this was remote and in itself perhaps would not be sufficient corroboration when taken in connection with the other circumstances proven; that she lived in the house with defendant, her stepfather, and his wife, that she slept in a room next to defendant, that she was pregnant, and defendant, though the head of the house, made no inquiries, that they were frequently alone together, that the girl had no opportunities to be with other men—these facts tended to corroborate the girl's testimony. Palmer v. State, 165 Ala. 129, 51 So. 358; Davis v. State, 20 Ala. 463, 103 So. 73. Being corroborated, the question of guilt was for the jury.

[4] There were several objections by defendant to questions propounded to witnesses, the objections overruled, and exceptions reserved; but when the questions were answered there were no motions to exclude. This was equivalent to a waiver. Taylor v. State, 20 Ala. App. 161, 101 So. 160; Bailum v. State, 17 Ala. App. 679, 88 So. 200.

[5] The court sustained objections to several questions propounded by defendant to

---

his witnesses, but in no case did the defendant inform the court as to what he expected to prove. There was nothing in the questions asked which would show that the answers would be material or relevant, and hence we cannot put the court in error as for an erroneous ruling. · Terry v. State, 203 Ala. 99, 82 So. 113.

There is no error in the record, and the judgment is affirmed.

Affirmed.