60 So.2d 363

**SKINNER v. STATE.**

6 Div. 276.

Court of Appeals of Alabama.
Feb. 19, 1952.

Rehearing Denied March 13, 1952.

T. K. Selman and Thomas Leon Beaird, Jasper, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of the crime of incest growing out of his alleged sexual relations with his young daughter.

The State's case must rest upon the testimony of the daughter because of the lack of any corroborating support for her testimony.

If the girl was under the age of consent at the time of the offense, (sixteen years of age), no corroboration of her testimony is necessary. Brown v. State,

21 Ala.App. 371, 108 So. 625; Duncan v. State, 20 Ala.App. 209, 101 So. 472.

■ Counsel for appellant contends that the evidence shows that if the girl's testimony be accepted it shows that the alleged illicit relationship continued for some four months after she had become sixteen years of age, and therefore corroboration of her testimony is essential. Such principle may be inferred from dictum in Brown v. State, supra. We do not consider this dictum sound.

Our statute denouncing this offense prohibits sexual intercourse between any man and woman within the degrees of consanguinity or relationship within which marriages are declared by law to be incestuous with knowledge of such relationship. Section 325, Title 14, Code of Alabama 1940.

■ Each act of sexual intercourse constitutes a separate and distinct offense.

■ No election was demanded by the defendant in the trial below. It was therefore not necessary for the State to prove that the offense was committed on any particular day, provided it did offer proof of the commission of the offense at a prior time within the statutory limit.

The testimony by the girl tends abundantly to establish that her father carnally knew her on repeated occasions from the time she was thirteen years of age. These offenses were well within the statutory limit as to time, and also during the period when she was under the age of consent, and when no corroboration of her testimony is required.

■ We do not concede the correctness of the interpretation of appellant's counsel of the girl's testimony as to the period of time that the relations with her father continued. We will comment on this phase of the girl's testimony later. Conceding for the sake of argument however that counsel for appellant has interpreted the girl's testimony correctly, it would appear that the State's evidence, if believed by the jury under the required rule, established repeated acts of incest by appellant during the time the girl was under the age of consent. If as counsel contends, incorrectly we think, the evidence shows that these acts continued beyond the girl's age of consent, the acts within this latter period are clearly admissible and merely corroborate the proof of the act relied on for conviction, which in this case, in the absence of a demand for an election, can be any offense established by the evidence within the limits for prosecution of such offense. See Harrison v. State, 235 Ala. 1, 178 So. 458.

■ As stated in 27 Am.Jur., Sec. 15: "Although it is undoubtedly the general rule that where a defendant is charged with a specific offense, evidence of the commission of other similar offenses is inadmissible, it is well settled that in a prosecution for incest, evidence of acts of incestuous intercourse between the parties other than those charged in the indictment or information, whether prior or subsequent thereto, is, if not too remote in point of time, admissible for the purpose of throwing light upon the relations of the parties and the incestuous disposition of the defendant toward the other party, and to corroborate the proof of the act relied upon for conviction. Previous acts of intercourse for which prosecution is barred by limitations are admissible where they show a habitual course of conduct. Proof of this character is generally admitted upon the theory that it establishes the probability of the act charged in the indictment. It is said that sexual crimes such as incest may be characterized as crimes 'in continuando.' The law recognizes as a matter of common knowledge that where a single act of that character arises, there is great probability of other similar acts, either before or after, or both, and therefore the sexual conduct of the parties in question toward each other, especially the lecherous and bestial disposition of the defendant toward the prosecutrix, is a proper fact for the consideration of the jury, not to prove some other and independent offense, but for the purpose of making more probable the specific and distinct offense charged."

■ A more basic reason for concluding that appellant's contention in this regard is without merit is that reasonable interpretation of the girl's testimony tends to establish that the illicit relationship be-

tween her and her father did not continue beyond her fifteenth year of age.

In this connection the prosecutrix testified that she was sixteen years of age in November 1950. .

The Solicitor then asked her if her father had had sexual intercourse with her within a period of time three years prior to November 1950.

The prosecutrix answered in the affirmative and then testified in detail as to the first occurrence, and also another when she was fourteen years of age.

She was then asked if her father had had sexual intercourse with her any other times "during that three year period," to which she replied: "When I was fifteen he did."

She then described this act in detail.

The Solicitor then asked her again if there were other times during the three year period, to which she replied:

"Yes, mighty near every Saturday and two or three times during the week."

Later during the examination the record shows the following:

"Q. Do you recall how old you were the first time you had sexual intercourse with your father? A. I was thirteen.

"Q. Do you recall the last time you had sexual intercourse with your father? A. Yes, I was fifteen.

"Q. Do you recall where the last time occurred? A. Yes, I do.

"Q. Where was it? A. At our home where we moved from up to the old Wire Road.

"Q. What happened?"

The prosecutrix then testified in detail as to this last act.

Appellant's counsel contends that because the witness stated that her father had had sexual intercourse with her "mighty near every Saturday and two or three times during the week" within the three year period prior to November 1950 necessarily means that such acts continued beyond the time she had reached the age of consent.

The prosecutrix specifically testified that the last act occurred when she was fifteen years of age. Rationally this must be construed as limiting the "three year period prior to November 1950" to the time within that period that she was fifteen years of age or younger. Taking her testimony as a whole, portions of which we have set out, it would indeed call for a tortured construction to reach any other conclusion.

During the examination of a State witness the Solicitor asked the following question: "Q. Was Allen Skinner (appellant) living there when he was arrested on the charge of rape?"

Such question tended to show an arrest for an offense different from the one on which appellant was being tried.

Defense counsel thereupon made a motion for a mistrial.

The court thereupon instructed the jury vigorously that they were not to be influenced by the question, and further asked the jurors individually if they could exclude the matter from their minds in reaching a verdict.

■ The jurors replying affirmatively the court overruled the motion. No exception was reserved to this ruling. There is therefore nothing before us for review on this point. We will observe however that the vigorous action of the court should be deemed to have made any probable injury to appellant's substantial rights highly speculative.

During the direct examination of the prosecutrix she was permitted to testify, over objection, that she had made a complaint to her mother. The court, by its rulings permitted to be shown only the fact that a complaint had been made, and no details of the complaint were in anywise shown.

■ On cross examination the particulars of this complaint were brought out to some extent by the defense. Thereafter some questions were asked on redirect examination relative to the particulars of the complaint. The evidence adduced merely tended to clarify the details already brought out by the defense, and in fact went in without objection being interposed. No error therefore resulted from this phase of the evidence.

**438**

The appellant's wife testified as a witness for the defense. The tenor of a portion of her testimony was to the effect that she had seen no misbehavior in appellant's conduct toward the prosecutrix, and knew of no evil conduct on appellant's part toward the prosecutrix.

To impeach this witness in this regard the State was permitted over appellant's objection to lay a predicate as to statements made by the witness to three persons, the purport of said statements being such as to show a knowledge on Mrs. Skinner's part of sexual mistreatment of the prosecutrix by the appellant.

Mrs. Skinner denied making any of the statements.

Thereafter the persons to whom these statements were made were called in rebuttal and testified, over appellant's objections, as to the statements made to them by Mrs. Skinner. All of such testimony was within the predicate laid by the State.

No error resulted in the rulings by the court in these instances.

Such evidence was admissible even though it may have had a tendency to show the commission of other offenses by the appellant. These prior statements were inconsistent with the testimony of the witness during the trial. It was ineffective as proof of any facts to which it related, but was admissible solely to impeach the credibility of Mrs. Skinner, in that it tends to show either that she had forgotten what she once knew, or that she wilfully misstated facts either in the prior statement or in the trial below. Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, certiorari denied 254 Ala. 74, 46 So.2d 847.

Under the heading "Refused Charges" several instructions are set out. None are endorsed in any manner. We have no authority to consider them. Kincey v. State, Ala.App., 55 So.2d 368;[1] Kiker v. State, 233 Ala. 448, 172 So. 290; Garrett v. State, 35 Ala.App. 141, 44 So.2d 260; Section 273, Title 7, Code of Alabama 1940.

In our opinion this record is free of error probably injurious to the substantial rights of this appellant. It is therefore due to be affirmed.

Affirmed.