PER CURIAM.
Chrissell Hamilton was convicted in Montgomery County Circuit Court of murder in the first degree of Aaron Davenport and sentenced to life imprisonment. Cer-tiorari was granted by this court to review the decision of the Court of Criminal Appeals upholding the conviction. We quash the writ as improvidently granted.
In quashing the writ, we make the following observations.
We cannot agree with all the reasons advanced by the Court of Criminal Appeals for affirming the conviction.
We do agree that the question as to where Hamilton was living at the time of the offense was a proper subject of inquiry by the State since the issue of self-defense on the part of Hamilton was clearly raised at trial. Since the threats which precipitated the shooting occurred inside Mrs. Porter’s house, the prosecutor’s question, as to Hamilton’s place of residence on April 25, 1976, was relevant to the issue of self-defense in order to raise the application of the duty to retreat rule.
Hamilton’s second allegation of error is that his mother’s comments that she was paying close attention to her son because she knew “that he was already in trouble” were prejudicial and informed the jury of his previous arrests. We agree that such comment did not constitute reversible error because of the context in which it arose. The question put was: “Why did you pay strict attention to him and know he only drank one beer?” The answer, if unresponsive, should have been the subject of a motion to exclude. Brown v. State, 21 Ala.App. 371, 108 So. 625 (1926). We note there was no specific reference to any prior arrest or conviction of Hamilton and that the answers given by Mrs. Porter were not statements made to show Hamilton’s bad character, but were merely incidental remarks made during her detailed account of the events of April 25, 1976. Moreover, the objection by defendant’s counsel was made after the prosecuting attorney began to repeat the mother’s answer. The objection was not made to the original question, nor the answer itself. Furthermore, the court sustained this objection and did not permit any further inquiry into this matter.
WRIT QUASHED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.