WRIGHT, Presiding Judge.
This is a teacher tenure case.
Samuel L. Jeter was employed by the Macon County Board of Education (Board) for eleven consecutive years. On April 27, 1984, he was notified of a termination hearing based on the charge that he made unsolicited sexual advances to a female student. Several witnesses were subpoenaed by the Board on Jeter’s behalf. The hearing was held May 24, 1984. On that date, two of Jeter’s witnesses, a student and the county sheriff, duly subpoenaed, failed to appear. Jeter’s counsel objected to their absence. He asked the Board to use its authority *514 under § 16-24-9, of the Code to secure their attendance. The Board did not act on his request. The Board subsequently voted three to two in favor of terminating Jeter’s employment. The circuit court affirmed this decision and Jeter now appeals.
Jeter contends the Board erred in refusing to compel the appearance of the two absent witnesses. He argues that he was thus denied due process.
Section 16-24-9 outlines the procedure for cancelling a teacher’s employment contract. A hearing is held on any contested cancellations, and the Board has the power to subpoena witnesses. The statute also provides in pertinent part:
“... In case a person refuses to obey such subpoena the board, or its authorized representative, may invoke the aid of the circuit court in order that the testimony or evidence be produced; and, upon proper showing, such court shall issue a subpoena or order requiring such person to appear_” (Emphasis added.)
The language of the statute clearly contemplates due process, State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968), and is reminiscent of similar due process decisions in criminal law.
“... To fasten error upon the trial court, it must be made to appear that the application [for process] was seasonably made, and accompanied by a showing as to what the absent witness is expected to swear in order that the court may judge of its materiality.... [T]he motion for delay was addressed to the sound discretion of the court.”
Palmer v. State, 165 Ala. 129, 51 So. 358 (1909).
Section 16-24-9 states that the Board may invoke the aid of the circuit court. This permissive language correlates with the discretion courts are given on the matter of continuances and compelling attendance of recalcitrant witnesses in a criminal case. The language, “upon proper showing,” indicates that the defense has the burden of showing the materiality of an absent witness in order to compel a continuance and/or the issuance of an attachment for the witness.
We construe the plain meaning of § 16-24-9 to be that the Board has discretion in the seeking of aid of the circuit court in securing the attendance of witnesses. In order for there to appear an abuse of that discretion, the materiality of the witness’s testimony must be shown. Jeter made no such showing to the Board. Consequently, there is no basis upon which this court can review the decision of the Board.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.