LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence on a trial by jury on an indictment that charged in pertinent part that defendant “did engage in sexual intercourse” with a named person that “said defendant knew to be his stepdaughter, in violation of § 13A-13-3 of the code of Alabama, 1975.”
In our discussion of each of the two issues presented in brief of counsel for appellant, we will endeavor to avoid unnecessary publicity as to either the appellant or the alleged victim.
I.
By appellant’s first issue, the contention is made that defendant’s conviction of incest should not be upheld for the reason that the testimony of the alleged victim was “uncorroborated either as to force or sexual intercourse.” Appellant’s counsel is correct in stating that Alabama Criminal Code, § 13A-13-3(b), provides:
“A person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed.”
Although statutory legislation on the subject of incest has undergone some modification since 1952, when the case of Skinner v. State, 36 Ala.App. 434, 60 So.2d 363, *1120 cert. denied, 258 Ala. 713, 60 So.2d 367, was decided, we believe that what was stated in that case by Judge Harwood, af-terwards Justice Harwood of the Alabama Supreme Court, at the commencement of his opinion, is applicable here:
“This appellant has been convicted of the crime of incest growing out of his alleged sexual relations with his young daughter.
“The State’s case must rest upon the testimony of the daughter because of the lack of any corroborating support for her testimony.
“If the girl was under the age of consent at the time of the offense, (sixteen years of age), no corroboration of her testimony is necessary. Brown v. State, 21 Ala.App. 371, 108 So. 625; Duncan v. State, 20 Ala.App. 209, 101 So. 472.”
H.
The only other issue presented by appellant is thus stated in brief of his counsel:
“WHETHER THE JUDGMENT AND VERDICT ITSELF IS CONTRARY TO THE WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL.”
The argument in brief of counsel for appellant in support of this issue concludes as follows:
“Appellant realizes that the State is not saddled with proving its case beyond any shadow of a doubt, but still there must be more than a mere likelihood. The State must prove its case to the exclusion of any reasonable inference other than guilt of the aceuséd, and here they have failed.
“For the reasons noted herein, Appellant contends the trial court erred in failing to grant Appellant’s motion for judgment of acquittal and is due. to be reversed [emphasis supplied].”
We determine this issue adversely to appellant.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.