Certiorari was granted to determine whether the Court of Criminal Appeals, 554 So.2d 1119, was correct in its interpretation and application of Code of 1975, § 13A-13-3(b), to this case.
That statute provides:
 "(a) A person commits incest if he marries or engages in sexual intercourse with a person he knows to be, either legitimately or illegitimately:
 "(1) His ancestor or descendant by blood or adoption; or
 "(2) His brother or sister of the whole or half-blood or by adoption; or
 "(3) His stepchild or stepparent, while the marriage creating the relationship exists; or
 "(4) His aunt, uncle, nephew or niece . . . of the whole or half-blood.
 "(b) A person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed.
"(c) Incest is a Class C felony."
The petitioner was convicted under subsection (a)(3) of this statute. He contended below and contends in this Court that he was convicted in violation of the terms of subsection (b), that is, that he was convicted without any corroboration of the other person's testimony. On that issue the Court of Criminal Appeals, following Skinner v. State, 36 Ala. App. 434,60 So.2d 363, cert. denied, 258 Ala. 713, 60 So.2d 367 (1952), held that no corroboration was necessary when the other person was under the age of consent, citing Brown v. State, 21 Ala. App. 371,108 So. 625 (1926), and Duncan v. State, 20 Ala. App. 209,101 So. 472 (1924).
In Duncan, supra, the conviction of the defendant on a charge of incest was based upon the uncorroborated testimony of the other person involved. But in that case the applicable statutedid not contain a prohibitory provision such as subsection (b), above. Instead, at the time of that case the Code of 1907 contained three provisions applicable, §§ 4877, 7127, and 7897.
Section 4877, defining and forbidding incestuous marriages, forbad, inter alia, the marriage of a man and the daughter of his wife. Section 7127 declared a criminal penalty based upon that section:
 "If any man and woman, being within the degrees of consanguinity or relationship within which marriages are declared by law to be incestuous and void, and knowing of such consanguinity or relationship, intermarry, or have sexual intercourse together, or live together in adultery, each of them must, on conviction, be imprisoned in the penitentiary for not less than one nor more than seven years."
The only provision in that Code pertaining to the relevant corroboration problem was § 7897:
 "A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, it if merely shows the commission of the offense, or the circumstances thereof, is not sufficient."
Applying these statutes to the facts in Duncan, the Court of Appeals concluded that § 7127, although literally mandating that both the man and woman who engaged in such sexual intercourse be punished, nevertheless must be interpreted to apply only to those capable of consenting. The court continued:
 "The general rule, which seems to be supported by the great weight of authority, is that a woman who consents to the crime of incest knowingly, voluntarily, and with the same intent which actuates the man, is his accomplice, and her testimony is governed by the law of accomplice testimony. 31 Corpus Juris, p. 387. On the other hand, it is very generally held that, where the alleged injured party is not an accomplice, or in other words where she is the victim of force, or fraud or undue influence, or is too young to be able to give legal assent, so that she does not willingly or willfully join in the commission *Page 1122 
of the incestuous act, her testimony alone will be sufficient to sustain a conviction of incest."
20 Ala. App. at 211, 101 So. at 473.
Brown v. State, supra, was decided after the Code of 1923 had been adopted. That Code carried over the same pertinent statutes without change; § 4877 became § 8991; § 7127 became § 4522; and § 7897 became § 5635. Noting that the incestuous acts charged to the defendant included some that had occurred before, as well as some that had occurred after, the other person's reaching the age of consent, the court stated:
 "If the evidence of the state had been confined to the times prior to the time that the girl had reached the age of consent, no corroboration of her testimony would have been necessary. Code 1923, § 5411. Palmer v. State, 165 Ala. 129, 51 So. 358. But the cause proceeded upon the theory of incestuous adultery and acts of intercourse were proven after the age of consent. The girl thereby became particeps criminis, and under the statute there must be corroboration to justify a conviction."
At the time Skinner v. State, supra, was decided, the Alabama Code of 1940 had been enacted, and it, too, carried over these pertinent statutes without change. The Skinner court discussed the implications of Brown, supra, together with the requirement of corroboration:
 "Counsel for appellant contends that the evidence shows that if the girl's testimony be accepted it shows that the alleged illicit relationship continued for some four months after she had become sixteen years of age, and therefore corroboration of her testimony is essential. Such principle may be inferred from dictum in Brown v. State, supra. We do not consider this dictum sound.
". . . .
 "Each act of sexual intercourse constitutes a separate and distinct offense.
". . . .
 "The testimony by the girl tends abundantly to establish that her father carnally knew her on repeated occasions from the time she was thirteen years of age. These offenses were well within the statutory limit as to time, and also during the period when she was under the age of consent, and when no corroboration of her testimony is required."
36 Ala. App. at 436, 60 So.2d at 365.
Contrary, however, to the statutory mandates as they existed in Duncan, Brown, and Skinner, the requirements for a conviction of incest were modified by the legislature when it adopted Code of 1975, § 13A-13-3. In particular, and contrary to the language of the earlier statutes, the legislature specifically and expressly included subsection (b), which requires for a conviction corroboration of the "testimony of the person with whom the offense is alleged to have been committed." Indeed, the commentary to this subsection, while recognizing that a person under the age of consent cannot be an accomplice under the statute, nevertheless states that "there can be no conviction for this odious crime without corroboration."
As the Court of Criminal Appeals itself has stated previously, it is a court's duty to give effect to the intent of the legislature as expressed in the words contained in a statute. Deerman v. State, 448 So.2d 492 (Ala.Crim.App. 1984). From the express language used in the statute, it appears that the legislature intended to impose the requirement of corroboration of the other person's testimony without regard for the other person's age.
Because the Court of Criminal Appeals applied an erroneous legal standard to the evidence in this case, the judgment must be reversed and the cause remanded to that court for consideration of the evidence in accord with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON, ADAMS and HOUSTON, JJ., concur.
MADDOX, SHORES and STEAGALL, JJ., not sitting. *Page 1123