THOMPSON, Presiding Judge,
concurring in the result.
The Alabama Legislature enacted Article 11 of the Workers’ Compensation Act in 1992 with the “express legislative intent of [the Article] to ensure that the highest quality health care is available to employees who become injured or ill as a result of employment, at an appropriate rate of provider reimbursement.” § 25 — 5—293(g), Ala. Code 1975. Section 25-5-293, Ala.Code 1975, of that article describes the duties of the director of the Department of Industrial Relations and provides for the appointment of advisory committees on workers’ compensation matters. One such advisory committee consists of “three pharmacists who are members in good standing with the Alabama Pharmaceutical Association.” § 25-5-293(d), Ala.Code 1975. The purpose of the committees, among other things, is to “guide the director and make recommendations to ascertain the prevailing rate of reimbursement or payment of medical costs in the State of Alabama” and to “guide the director in determining all other rules and regulations required to accomplish the intent of the Legislature in assuring the quality of medical care and achieving medical cost control.” § 25-5-293(d), Ala.Code 1975.
In keeping with the goal to achieve “medical cost control,” our legislature expressed its intent that “final reimbursements related to workers’ compensation claims be commensurate and in line with the prevailing rate of reimbursement or payment in the State of Alabama, or as otherwise provided in [Article 11].” § 25-5 — 293(f), Ala.Code 1975. “By definition, the prevailing rate of payment or reimbursement is self-defining and self-setting and shall be updated annually.” § 25-5-293(f).
The legislature established the above mechanism as the preferred cost-control method for pharmaceutical-care expenses in workers’ compensation cases in Alabama. The legislature did not provide for an additional cost-control measure of allowing the employer to select a specific pharmacy for the use of the employee.
“In the area of statutory construction, the duty of a court is to ascertain the legislative intent from the language used in the enactment. When the statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement. See Ex parte Rodgers, 554 So.2d 1120 (Ala.1989), and East Montgomery Water, Sewer & Fire Protection Authority v. Water Works and Sanitary Sewer Bd. of the City of Montgomery, 474 So.2d 1088 (Ala.1985). Courts are supposed to interpret statutes, not to amend or repeal them under the guise of judicial interpretation.”
Parker v. Hilliard, 567 So.2d 1343, 1346 (Ala.1990). We presume that the legislature would have provided in the Act for the employer to control the employee’s choice of which pharmacy to use had it *101 desired to do so. “The judiciary will not add that which the Legislature chose to omit.” Ex parte Jackson, 614 So.2d 405, 407 (Ala.1993). Therefore, this court cannot hold the trial court in error for declining to go beyond the stated intent of the legislature by interpreting the Act in favor of Davis Plumbing.