Plaintiff, Thomas G. Green, III, appeals from the Montgomery Circuit Court's finding in favor of defendants, Bradley Construction, Inc., Alfred E. Mann, Jr., Anita B. Green, and William E. Bradley (hereinafter all defendants referred to as Bradley) on two points of defense raised by defendants in their motion to dismiss, namely:
 1. "The Plaintiff at the time the suit was filed was not a stockholder with Bradley Construction Company and was not a real party in interest in the action."
 2. "The Plaintiff was barred by the theories of Res Judicata and Collateral Estoppel."
Green filed his complaint on October 1, 1981, alleging that Bradley engaged in fraudulent conduct which resulted in Green's suffering a loss of his share of certain equities and income of the corporation. In his complaint, Green states that as a result of the previous divorce proceeding between himself and defendant Anita B. Green, the court awarded his entire stock in Bradley Construction, Inc., to Anita B. Green on April 10, 1981. However, Green contends that he was a stockholder of record at the time the fraudulent conversions took place.
Bradley answered the complaint with a motion to dismiss. In support of the motion Bradley provided the lower court with an affidavit from defendant Anita B. Green, testimony of William Edward Bradley and Rudolph Ohme, Jr., taken during the previous divorce proceeding, and the depositions of William Edward Bradley and Thomas G. Green, III, taken as discovery in the prior divorce proceedings. The lower court granted defendants' motion to dismiss, stating:
 "After consideration of the arguments presented by counsel in their briefs addressing *Page 1228 
the issues presented in the Defendant's Motion to Dismiss presented with affirmative defenses, it is the opinion of this Court that based on defendant's second and third affirmative defenses the Motion to Dismiss should be GRANTED."
This court notes that the lower court looked beyond the pleadings to rule on Bradley's motion to dismiss and therefore the motion should have been converted into a motion for summary judgment as provided in Rule 12 (c), Alabama Rules of Civil Procedure. See Thorne v. Odum, 349 So.2d 1126 (Ala. 1977) (motion to dismiss treated as motion for summary judgment by the appellate court even though it was not specifically designated as such by the trial court). Thus, once matters outside the pleadings are considered, the requirements of ARCP Rule 56 become operable and the ". . . moving party's burden changes and he is obliged to demonstrate that there exists no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law." C. Wright and A. Miller,Federal Practice and Procedure: Civil § 1366 (1969). Therefore, we must determine whether the defendants met that burden, which is appropriately shifted to the defendant-movant for summary judgment because the plaintiff cannot amend as a matter of right after a summary judgment has been rendered against him.Papastefan v. B L Const. Co., Inc. of Mobile, 356 So.2d 158
(Ala. 1978). In determining whether any genuine issue of fact exists, we must view the record before us in the light most favorable to the party opposing the motion for summary judgment.
There are two major issues on appeal: (1) whether the trial court erred upon its finding that the plaintiff lacked standing to prosecute his claim on the basis that he was not a stockholder at the time of filing his suit; (2) whether collateral estoppel and res judicata apply in this case.
We will address the standing issue first. Green alleges that the defendants' conversion of his funds was, in effect, conversion of his personal assets. Green contends that his status to maintain suit is not on the basis of its being a derivative action, but instead, on the basis of the establishment of a constructive trust for funds which should have accrued to him but were fraudulently converted by individuals to their personal use. Green relies on the fact that Bradley Construction, Inc. elected to be a subchapter S corporation in August 1974. According to Green, the net income of the corporation for any year during the subchapter S period accrued to him not as a dividend of the corporation, but as distributable income which belonged to him.
Bradley points out, however, that Green has, contrary to his argument, filed his suit under Rule 23.1, Alabama Rules of Civil Procedure, which states:
"DERIVATIVE ACTION BY SHAREHOLDERS
 "In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." *Page 1229 
After a review of the record, this court likewise reaches the conclusion that Green's suit was filed under Rule 23.1. Green's complaint alleges fraudulent conversions of corporate assets, which, if the allegations are true, would by law have to be returned to the corporation, as the assets are not solely Green's but belong to the corporation. As noted in 19 Am.Jur.2d, Corporations § 534 (1979):
 "An action brought by a stockholder to recover assets for the corporation or to prevent a dissipation of corporate assets is derivative in nature. Stockholders as such may not maintain actions to recover possession of corporate property. Thus, a stockholder may not bring an action in his own name for an alleged fraudulent transfer of corporate property to another stockholder; such a suit must be by or in behalf of the corporation." (Emphasis added.)
It is only when a stockholder alleges that certain wrongs have been committed by the corporation as a direct fraud upon him, and such wrongs do not affect other stockholders, that one can maintain a direct action in his individual name. It is clear from Green's complaint that the acts complained of would affect all stockholders.
In his complaint, Green states that he need not be a stockholder when the suit was commenced as he was a stockholder of record at the time the fraudulent conversions were taking place. However, Rule 23.1 has been interpreted to require that one must be a stockholder at the time of filing the shareholder derivative action.
In Wefel v. Kramarsky, 61 F.R.D. 674 (1974), it was held that one bringing a derivative action must not only be a stockholder at the time the alleged wrong was committed, but also a stockholder at the time the suit was commenced. The court in deciding this issue states:
 "Rule 23.1, Federal Rules of Civil Procedure, does not expressly require that a derivative plaintiff be a stockholder at the time of said suit. Such a requirement is implied by the rule, however, since it deals with actions brought by one or more stockholders. The cases under the law clearly establish that one who does not own shares in a corporation at the time a suit is filed is not qualified to bring a derivative action on their behalf."
This proposition of law can also be found in de Haas v. EmpirePetroleum Company, 435 F.2d 1223 (1970), and in 3B J. Moore,Federal Practice, § 23.17 (2nd Ed. 1969). (It should be noted that Rule 23.1, Alabama Rules of Civil Procedure, is derived from Rule 23.1, Federal Rules of Civil Procedure.)
The trial court correctly found that Green did not have standing to sue in this cause. Therefore, Green cannot prosecute this action. See Rule 17 (a), ARCP. Due to the fact that this issue disposes of the case, the res judicata issue is rendered moot.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.