Richard Carmichael filed an action against the Alabama State Board of Medical Examiners ("the Board"), claiming that the Board's actions had denied his right to due process of law. The complaint was later amended to add or substitute other defendants. Carmichael alleges that he was denied a physician's assistant's license because the Board held a meeting without giving him notice and decided at that meeting not to grant him a license. The trial court held that Carmichael had no statutory right to be present at the meeting on October 16, 1984, and therefore, that there was no denial of due process of law. Summary judgment was granted for the defendants.
Prior to July 3, 1984, Alan J. Swindell, M.D., filed an application with the Board requesting certification of Richard Carmichael as a physician's assistant for Swindell. The Board notified Swindell on July 3, 1984, that an appointment had been set for Carmichael and him to be interviewed on July 17, 1984, about the application. Swindell and Carmichael met with the Board as scheduled on July 17. On July 19, 1984, the Board wrote a letter to Swindell and Carmichael, which said that the application had been denied and gave the grounds for the denial. Carmichael does not contest the Board's denial of that application.
On July 27, 1984, Geraldine Smith, administrator of East Tallapoosa Hospital, where Swindell practices medicine, sent a written request for a formal hearing before the board to appeal the Board's decision. There is no evidence that Swindell himself ever requested the Board to reconsider its denial of the application. Nevertheless, the Board accepted Smith's request as properly filed on behalf of Swindell and Carmichael.
On August 21, 1984, the Board sent a certified letter to Swindell and Carmichael, stating that Smith's request for a rehearing had been granted and that the rehearing would be set for October 17, 1984. The letter notified Swindell and Carmichael that at this hearing each of them had the right to be present, to be represented by counsel, to offer evidence, and to cross-examine any witnesses offered by the Board.
Smith notified the Board on August 30, 1984, that she was withdrawing her request for the October 17, 1984, hearing. The Board informed Smith that her notification of withdrawal had been accepted and that, consequently, the October 17 hearing was cancelled.
Almost a month later, on September 28, 1984, the Board sent a letter to Swindell asking him to meet with the credentials committee of the Board on October 16, 1984. The letter stated that the Board had received reports that Carmichael was working as a physician's assistant even though he was not licensed as a physician's assistant. The letter further stated that the committee wanted to discuss these reports with Swindell. Carmichael was not notified of the meeting. Swindell met with the credentials committee on October 16, and afterwards told Carmichael that resubmitting his application for certification as a *Page 282 
physician's assistant would be "too much hassle." Smith, on October 17, 1984, notified Carmichael that his employment with East Tallapoosa Hospital was terminated.
On September 13, 1985, Carmichael filed a complaint in the Circuit Court of Jefferson County against the Alabama State Board of Medical Examiners; Larry Dixon, who is executive director of the Board; Pat Peoples, who allegedly reported that Carmichael had written a prescription; East Tallapoosa Hospital; and several fictitious parties. Carmichael alleged that the Board had denied his right to due process by denying his application to be licensed as a physician's assistant and sought money damages for this alleged violation, through42 U.S.C. § 1983. The case was transferred to the Circuit Court of Montgomery County.
Carmichael, on April 15, 1986, amended his complaint to substitute as defendants Dr. Earl Riley and others as individual members of the Board, and to dismiss the Board "as a State Agency." The complaint as amended claims that the October 16, 1984, credentials committee meeting with Swindell was in fact a meeting about licensing Carmichael as a physician's assistant and that the credentials committee decided at that meeting to deny Carmichael a physician's assistant's license. The complaint further alleges that the failure to notify Carmichael of that meeting was a denial of due process that serves as the basis for his 42 U.S.C. § 1983
claim. By October 1986 the trial court had dismissed the claims against all the defendants except the individual members of the Board. On November 26, 1986, the individual members filed a motion to dismiss the amended complaint. The trial court held a hearing on this motion and then granted it. This appeal concerns that ruling in favor of the individual members of the Board.
The Board's members contend that the motion to dismiss should be treated as a motion for summary judgment. The trial judge considered matters outside the pleadings when ruling on the motion to dismiss, and the court held a hearing at which the parties presented arguments; therefore, the judgment should be treated as a summary judgment. Rule 12(b), A.R.Civ.P.; Rule 56, A.R.Civ.P.; Boles v.Blackstock, 484 So.2d 1077, 1079 (Ala. 1986); Greenv. Bradley Construction, Inc., 431 So.2d 1226, 1228
(Ala. 1983). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Houston v. McClure, 425 So.2d 1114, 1116
(Ala. 1983). In determining whether the moving party has met this burden, the trial court must view the facts in the light most favorable to the nonmoving party. Id.; Fulton v.Advertiser Co., 388 So.2d 533 (Ala. 1980), cert. denied,449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 and449 U.S. 1131, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981).
The dispositive question is whether the credentials committee's October 16, 1984, meeting with Swindell resulted in a denial of due process to Carmichael. The Fourteenth Amendment to the United States Constitution states in Section 1, "[n]or shall any state deprive any person of life, liberty, or property without due process of law." When a claim is made that a denial of due process has occurred, courts must inquire into the nature of the interest claimed to be protected. Board of Regents v. Roth,408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The threshold inquiry is whether Carmichael's alleged interest is one encompassed by the Fourteenth Amendment's protection.Id., 408 U.S. at 571, 92 S.Ct. at 2706. Therefore, we look at the background of the credentials committee's October 16 meeting with Swindell.
If a person holds himself out to be a physician's assistant and has not been approved by the Board to perform as a physician's assistant, then that person has engaged in the unauthorized practice of medicine. Ala. Code 1975, §§34-24-50 through -52 and -293(h). If a physician performs medical services with the aid of a person who holds himself out as a physician's assistant although not licensed as such, the physician is guilty of aiding and abetting the unauthorized practice of medicine. § 34-24-360(13). The Board has a *Page 283 
duty of investigating information that indicates that a licensed physician may be guilty of aiding or abetting the unauthorized practice of medicine. §§ 34-24-361(a) and -360(13). If it appears to the Board that the information may be true, the Board can request that the physician appear before it for a formal interview. § 34-24-361(c). The Board wrote Swindell a letter on September 28, 1984, saying that the Board had received reports that Carmichael had continued working with Swindell as a physician's assistant though he was not properly licensed; the letter also requested that Swindell appear before the credentials committee of the Board to discuss these reports. The Board, in requesting this meeting with Swindell, was acting within its statutory authority and duty to investigate and hold hearings concerning the unauthorized practice of medicine.
Carmichael claims that he had a due process right to know of this meeting. He bases this claim on §§34-24-361(e)(7), -361(e)(2), and -361(e)(3). Those provisions address specifically "any proceeding for suspension or revocation of a license to practice medicine." Swindell appeared before the credentials committee because of its investigation into the possibility that he might be aiding or abetting the unauthorized practice of medicine. There is absolutely no evidence in the record to indicate that the meeting was for any other purpose. The meeting did not in any way purport to be a hearing to suspend or revoke a license to practice medicine. Accordingly, Swindell himself did not have the statutory rights at that meeting that Carmichael claims. Thus, if Carmichael is asserting due process rights somehow derived from Swindell's, his argument logically fails. Furthermore, since § 34-24-361(e) specifically applies to proceedings to suspend or revoke licenses, Carmichael himself has no right that comes within its protection, because he had no license to be suspended or revoked. Nor is he a physician or osteopath, and § 34-24-361(e)(7) applies only to such persons.
The record contains no evidence creating a genuine issue of material fact. Carmichael had no application before the Board that the credentials committee could have acted upon in its October 16, 1984, meeting with Swindell. The failure to be notified of a meeting or hearing where one has no right to attend does not violate due process of law. The trial court determined as a matter of law that the Board members were entitled to a judgment. The court wrote in the order granting judgment for the defendants, "Carmichael had no statutory right to be present at the interview on October 16, 1984, which is the subject of [Carmichael's] complaint; therefore there was no denial of due process to [Carmichael]." The summary judgment was properly granted and is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.