I concur as to Count I.
I concur in the result as to Count II. The facts present a jury question under the law of premises liability enunciated inTolbert v. Gulsky, 333 So.2d 129 (Ala. 1976), and its progeny,Motes v. Matthews, 497 So.2d 1121 (Ala. 1986), and Fletcher v.Hale, 548 So.2d 135 (Ala. 1989).
I do not believe that the trial court abused its discretion in granting the Breens' motion to strike Ms. King's second *Page 192 
amended complaint, which was filed after summary judgment had been granted on Counts I and II. A summary judgment goes to the merits of the case. Papastefan v. B L Construction Co.,356 So.2d 158 (Ala. 1978), appeal after remand, 385 So.2d 966 (Ala. 1980). Notwithstanding the provisions of Rule 15(a), Ala.R.Civ.P., I do not find that the trial court abused its discretion in striking the complaint filed after the entry of a summary judgment. Green v. Bradley Construction, Inc.,431 So.2d 1226 (Ala. 1983); Domimex, Inc. v. Key, 456 So.2d 1047
(Ala. 1984); C. Lyons, Alabama Rules of Civil ProcedureAnnotated 251 (2d ed. 1986). However, because we are reversing the summary judgment as to Counts I and II, I will not dissent on this issue, but concur in the result, since the amendment should be permitted in keeping with the spirit of Rule 15(a), if the motion is refiled.