This is an appeal from a trial court's dismissal of a complaint that sought a court order setting aside the appointment of a member to the Birmingham Horse Racing Commission and the subsequent certification of that appointment.[1]
The sole issue presented is whether the appointing authority followed the statutory mandate for appointing a successor commissioner to succeed one whose term was expiring.
On May 9, 1989, State Senators John E. Amari, James R. Bennett, William Cabaniss, and McArthur D. Parsons, members of the Jefferson County senate delegation, attended a meeting called by Mayor Richard Arrington of Birmingham. The stated purpose for the meeting was to appoint a member to replace Commissioner James Parker, the plaintiff, whose term was expiring. Parker was a member on the five-member board of the Birmingham Horse Racing Commission, and his term of office was to expire on July 1, 1989, at noon.[2] At the May meeting, all of the state senators present agreed that pursuant to their understanding of § 11-65-5(c), pertaining to the appointment of a successor commissioner, they could not legally appoint a successor commissioner until June 1, 1989, at the earliest.[3]
Thus, the May 9, 1989, meeting was adjourned without a vote or even a nomination, but with an agreement between the mayor and the senate delegation that another meeting would be convened on June 12, 1989, at which time the senate delegation would appoint a member. On June 12, 1989, the senate delegation reconvened for a public meeting for the purpose of appointing a successor to Commissioner *Page 1345 
Parker.[4] In that meeting, Stephen J. Shader, Jr., was appointed by the senate delegation for a five-year term of office on the Birmingham Horse Racing Commission, the appointment to be effective at noon on July 1, 1989. On June 15, 1989, Senator Bennett, the secretary of the Jefferson County senate delegation, filed a certificate of appointment with the secretary of state, as required by Ala. Code 1975, § 11-65-5(c).[5]
On June 20, 1989, former Commissioner Parker filed a complaint in the Circuit Court of Jefferson County, Alabama. In that complaint, Parker asserted that the appointment of Shader wasvoid ab initio, because, he contended, the senate delegation had failed to comply with Ala. Code 1975, § 11-65-5(a), the subsection that Parker says applies to the appointment of a successor commission member.[6] Parker argued that because the senate delegation initially met on May 9, 1989, to appoint a new commission member but did not reconvene within 30 days of that initial meeting date the senate delegation forfeited
its statutory right to appoint a successor member to that commission, and that the right to appoint a successor member then vested in Mayor Richard Arrington. Consequently, Parker asked the trial court to enter a judgment setting aside the appointment and enjoining the certification of that appointment to the secretary of state.
On July 18, 1989 Senators John E. Amari, James Bennett, William Cabaniss, Earl F. Hilliard, and Fred Horn filed a motion to dismiss the complaint, pursuant to Rule 12(b)(6), A.R.Civ.P., arguing that Parker had failed to state a claim upon which relief could be granted. On August 24, 1989, after the trial court had held an ore tenus hearing on the senators' motion to dismiss, it entered an order dismissing Parker's complaint with prejudice.
In its order, the trial court stated that the facts involved in this case were undisputed and that all parties agreed to stipulate to those facts. Thus, by taking stipulated evidence and ruling on the merits of Parker's claim, the trial court, in effect, treated the motion to dismiss as a motion for summary judgment. When a trial judge considers matters outside the pleadings in ruling on a motion to dismiss, the judgment should be treated as a summary judgment. Carmichael v. Riley,534 So.2d 280, 282 (Ala. 1988).
The trial court ruled that the appointment of Stephen J. Shader, Jr., to the Birmingham Horse Racing Commission on June 12, 1989, did not violate the statute. Additionally, the trial court stated in its order that Ala. Code 1975, § 11-65-5(a), didnot apply to the appointment of a successor *Page 1346 
commission member, contrary to the argument by Parker; instead, the trial court stated that Ala. Code 1975, § 11-65-5(c), as asserted by the senate delegation in its motion to dismiss, was the subsection applicable to the appointment of a successor commission member. Finding that the delegation had abided by the provisions of that subsection, the trial court held that the senate delegation had legally appointed Stephen J. Shader, Jr., to the Birmingham Horse Racing Commission. On October 2, 1989, Parker filed a notice of appeal with the Alabama Court of Civil Appeals. On March 22, 1990, that court, citing a lack of subject matter jurisdiction, transferred the case to this Court.
In his complaint, Parker bases his request for relief on the sole premise that the senate delegation lost its authority to make the appointment by not reconvening for the appointment of a commission member within 30 days of its initial meeting held on May 9, 1989. According to Parker's interpretation of §11-65-5(a), the senate delegation forfeited its right to make the appointment and the right of appointment then vested in the mayor of Birmingham, Richard Arrington, and the attempted appointment by the senate delegation was void ab initio.
Whether the trial court erred in ruling against Parker hinges on whether the trial court erred in its interpretation of §11-65-5(c). The trial court held that the appointment of a successor commission member is governed by § 11-65-5(c), not by § 11-65-5(a) as argued by Parker in his complaint. In the area of statutory construction, the duty of a court is to ascertain the legislative intent from the language used in the enactment. When the statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement. See Exparte Rodgers, 554 So.2d 1120 (Ala. 1989), and East MontgomeryWater, Sewer Fire Protection Authority v. Water Works andSanitary Sewer Bd. of the City of Montgomery, 474 So.2d 1088
(Ala. 1985). Courts are supposed to interpret statutes, not to amend or repeal them under the guise of judicial interpretation.
From the express language of Ala. Code 1975, § 11-65-5(c), it appears that the legislature intended to impose the requirement that a legislative delegation responsible for the appointment of a successor member to a horse racing commission make such an appointment within 30 days prior to the date on which that appointed member is to take office, and not earlier. Because the record clearly indicates that the appointed member could not assume office until July 1, 1989, the senate delegation, which was responsible for making the appointment, could not have legally made it on May 9, 1989, a fact that the senate delegation rightfully recognized at that meeting. The earliest date on which the senate delegation could have made such an appointment under the statute was June 1, 1989, exactly 30 days prior to the date on which the appointed member could assume office. Because the senate delegation met again on June 12, 1989, clearly within the time frame mandated in the statute for the appointment of a successor commission member, this Court, as did the trial court, concludes that the appointment of Stephen J. Shader, Jr., to the Birmingham Horse Racing Commission was valid.
Having carefully considered the issue presented to the trial court and being convinced that the trial court correctly decided that issue, we affirm its judgment.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES and STEAGALL, JJ., concur.
[1] The statute that permits so-called "class 1" municipalities [i.e., cities with a population of 300,000 inhabitants or more, see Ala. Code 1975, § 11-40-12(a)], like Birmingham, to create and operate a horse racing commission is found in Ala. Code 1975, §§ 11-65-1 to 11-65-47.
[2] Ala. Code 1975, § 11-65-5(a), declares that every horse racing commission created under this statute shall be composed of five members. Two of those members, who shall be members ex officio, must be the "mayor or other chief executive officer of the sponsoring municipality and the president or other designated presiding officer of the county commission of the host county." The state's lieutenant governor, the host county house delegation, and the host county senate delegation each appoints one member to the commission, and together they thereby fill the remaining three seats on that commission.
The term of office of each of the appointed commission members, who are appointed on a staggered-term basis, is for five years; each commissioner's term of office commences at noon on July 1, at which time the term of office of the immediate predecessor member ends. See Ala. Code 1975, §11-65-5(b).
[3] Ala. Code 1975, § 11-65-5(c), states in part the following:
 "The appointment of each appointed member (other than those initially appointed), whether for a full five-year term or to complete an unexpired term, shall be made by the officer or legislative delegation responsible for the appointment of the member whose term shall have expired or is to expire or in whose position a vacancy otherwise exists and shall be made not earlier than 30 days prior to the date on which such member is to take office as such." (Emphasis added.)
[4] In addition to the four senators present at the initial meeting called on May 9, 1989, Senator Earl Hilliard, also a member of the Jefferson County senate delegation, attended the meeting held on June 12, 1989. Although he was not present at either the May or the June meeting, Senator Fred Horn is the final member of the Jefferson County senate delegation.
[5] Ala. Code 1975, § 11-65-5(c), states in part the following:
 "Appointments shall be evidenced by a written certificate executed by the appointing official, or, in the case of appointments made by a majority of the other members, by a certificate signed by the members making such appointment, or, in the case of appointments made by a legislative delegation, by the members of the delegation voting for such appointment or by a member of the delegation designated to serve as the secretary of the meeting at which such appointment is made and to report the results thereof to the secretary of state. The certificates evidencing the appointment of members of a commission shall be addressed and delivered to the secretary of state, who shall maintain the originals of such certificates as official records in his office." (Emphasis added.)
[6] Ala. Code 1975, § 11-65-5(a), states in part the following:
 "Any meeting of the host county house delegation or the host county senate delegation at which fewer than a majority of the members of such delegation are present, or at which no appointment of a member is made because of a failure to obtain the approval of a majority of the members of such delegation, may be adjourned to a future time and place announced at such meeting; provided that, if either delegation fails to appoint a member within 30 days of the date of the first meeting called for the purpose of such appointment, the right of such delegation to appoint a member shall terminate and such appointment shall be made as soon thereafter as practicable by the mayor or other chief executive officer of the sponsoring municipality." (Emphasis added.) *Page 1347