STEAGALL, Justice.
The third-party plaintiff appeals from a judgment entered in favor of the third-party defendant in an indemnity action.
Donald R. Nelson sued Turpin Vise, doing business as Turpin Vise Enterprises, alleging breach of contract and fraud. Vise filed a third-party complaint against Cole Sanitation, Inc., alleging breach of contract and seeking indemnity “in like amount as any judgment which might be entered against Turpin Vise on the claims of Donald R. Nelson, together with all costs, expenses, and attorney fees incurred by Turpin Vise in connection with the defense of said claims.” In its answer, Cole Sanitation denied the existence of any contract, denied liability for indemnification, and raised the affirmative defense of the Statute of Frauds.
The case was set for trial on September 24, 1990. On that date, during an in-chambers conference, Nelson and Vise' announced that they had entered into a settlement agreement pursuant to which they had exchanged parcels of real property. Cole Sanitation then made an oral motion for judgment on the pleadings with respect to the third-party complaint.[1] On September 26, 1990, the trial court granted Cole Sanitation’s motion, stating:
“The court has considered oral argument of counsel and written letter briefs.
“It appears to the court that the precise issue raised by the Third Party Defendant’s motion for judgment on the pleadings has not been addressed by the Alabama Supreme Court. However, it appears to the court that, according to the Alabama Court of Civil Appeals, there exists in Alabama a prerequisite that there be a judgment entered by a court against the party seeking indemnity from another. In this case, there was no determination of liability by a court ... [and] the settlement of the case be *33 tween the plaintiff and defendant was effected by the transfer of real property rather than the payment of money. Such an exchange is subject to the multiplicity of tax laws and can be attended by motives other than simply the settlement of a disputed legal issue. The court further notes that based on representation of counsel, COLE SANITATION, INC., was not a party to, nor did it participate in, the settlement between the plaintiff and the defendant.
“The court construes the third-party complaint to state a claim for indemnity rather than a general breach of contract action. While indemnity does involve a contract, either express or implied, the Third Party complaint does not appear to seek general damages for breach of an alleged contract other than one of indemnity. It is the opinion of the court that it is ruling simply on the issue of the possibility of the enforcement of indemnity in this matter and makes no ruling on any issue involving any general contract claim that may exist between the defendant and COLE SANITATION, INC.”
Vise’s motion to alter, amend, or vacate the judgment was denied, and he appeals, arguing that the voluntary settlement of the dispute between Nelson and him does not bar Vise’s indemnity claim against Cole Sanitation.
When a trial court holds a hearing on a motion for judgment on the pleadings and considers matters outside the pleadings in ruling on the motion, the motion should be treated as one for summary judgment. Rule 12(c), A.R.Civ.P. See, also, Carmichael v. Riley, 534 So.2d 280 (Ala.1988). The record reveals that the trial court held a hearing on the motion for judgment on the pleadings and considered matters outside the pleadings in ruling on the motion; therefore, this Court must treat the judgment as a summary judgment.
A summary judgment is appropriate only where the moving party has made a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala.1990). Once a moving party makes this prima facie showing, the burden shifts to the nonmoving party to present substantial evidence in support of his position in order to defeat the summary judgment motion. Betts v. McDonald’s Corp., 567 So.2d 1252 (Ala.1990).[2]
The transcript of the hearing and the written letter briefs referred to in the trial court’s order are not included in the record before this Court. Based on the record before us, we must assume that at the hearing before the trial court, Cole Sanitation made a prima facie showing that there was no genuine issue of material fact and that it was entitled to the judgment as a matter of law; and that Vise failed to present substantial evidence as to the existence of a genuine issue of material fact necessary to defeat the summary judgment. This Court must assume that the trial court’s judgment is supported by the evidence it had before it. See Totten v. Lighting & Supply, Inc., 507 So.2d 502 (Ala.1987). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. The trial court entered an order dismissing Nelson’s complaint based on the terms, of a stipulation for dismissal filed by Nelson and Vise.

. This case was filed after June 11, 1987. Accordingly, the "substantial evidence rule” applies to the ruling on the motion for summary judgment. Ala.Code 1975, § 12-21-12.