YATES, Judge.
In December 1992, Lonnie Heater filed a complaint in the Circuit Court of Talladega County against Tri-State Motor Transit Company, whose company headquarters were located in Joplin, Missouri, seeking to recover benefits under the Alabama Workmen’s Compensation Act. He alleged that he had suffered an employment-related injury on October 2, 1991, when he fell from a trailer in Crane, Indiana. Tri-State moved to dismiss the complaint, asserting various grounds, including lack of subject matter jurisdiction.
On October 21, 1993, the trial court, after hearing oral argument, dismissed Heater’s complaint, holding: “This action arises under the laws and statutes of the State of Missouri and ... the Alabama Workmen’s Compensation Act has no application.” Heater appeals.
The limited record reveals that Heater was employed in 1985 by Tri-State in Joplin, Missouri, as a truck driver, travelling throughout the United States. He lived for a time in Missouri, and later was transferred to Alabama, where he was residing at the time of his injury.
At the time Heater was employed, he signed a “Worker’s Compensation Agreement,” which provided:
“[A]ny and all worker’s compensation claims that I may have arising out of operation of a motor vehicle under lease to TriState Motor Transit Company will be exclusively governed by the law of the State of Missouri.”
Heater contends that the worker’s compensation agreement that he entered into with Tri-State is unenforceable because: 1) he says it “does not follow the wording of the law,” and 2) he says that it did not apply to his employment at the time of his injury.
Ala.Code 1975, § 25 — 5—35(c), sets forth the requirements under the Alabama Workmen’s Compensation Act whereby another state would have jurisdiction in a compensation benefits claim:
“(c) An employee whose duties require him to travel regularly in the service of his employer in this and one or more other states may, by written agreement with his employer, provide that his employment is principally localized in this or another such state; and, unless such other state refuses jurisdiction, such agreement shall be given effect under this section.”
Initially, we note that the cases relied upon by Heater are not applicable. He cites cases in which employers attempted to avoid all responsibility for paying compensation benefits; there is no evidence that Tri-State attempted to avoid its obligation to provide Heater with worker’s compensation benefits.
Heater contends that his relocation to Alabama caused the agreement to no longer be in force. We disagree. Heater, as a driver for Tri-State, continues to travel from state to state; therefore, the requirement of § 25-5 — 35(c) remains in effect. Heater’s place of residence had no effect on his agreement *27 with Tri-State, and»that agreement remains in effect.
The fundamental role of the courts in construing statutory provisions is to ascertain the legislative intent from the language used in the enactment. Where the statutory pronouncement is clear and unambiguous, this court must abide by the statute as written. Parker v. Hilliard, 567 So.2d 1343 (Ala.1990). Courts are to interpret statutes, not amend or repeal them under the guise of judicial interpretations. Id.
It appears from the express language of Ala.Code 1975, § 25-5-35(e), that the legislature intended to allow parties to confer jurisdiction of the workmen’s compensation laws of a particular state in circumstances where, as in this case, an employee regularly travels in more than one state. Accordingly, we conclude that the trial court correctly upheld the agreement entered into by the parties.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.