RICHARD L. HOLMES, Retired Appellate Judge.
Tom Reynolds, as trustee for Charles Ray Utterback, Sr., individually, appeals from an order granting a motion for summary judgment in favor of Pel-Pak, Inc., and Mike Richerzhagen, an employee of Pel-Pak, Inc. (collectively referred to as Pel-Pak), and Liberty Trouser Company, Inc., and Gene Armstrong, an employee of Liberty Trouser Company, Inc. (collectively referred to as Liberty).
This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
*476 Charles Ray Utterback, Sr., was president, CEO, secretary, treasurer, and 100% shareholder of Birmingham Sales Company, Inc. (Birmingham Sales). Birmingham Sales and Utterback, in his individual capacity, filed a multi-count complaint against multiple defendants, including Pel-Pak and Liberty. The complaint alleged, in pertinent part, that Pel-Pak and Liberty assisted two other defendants, Jerry Gunnin and Harold McDonald, who were former employees of Birmingham Sales, in breaching their covenants not to compete with Birmingham Sales. The complaint also alleged that such actions, along with other tortious conduct, resulted in damage to Birmingham Sales and Utterback.
We would note that during the time that the present litigation was pending, both Ut-terback and Birmingham Sales filed bankruptcy, and bankruptcy trustees were appointed. Thereafter, the bankruptcy trustees were properly substituted as the plaintiffs in this action. However, for purposes of this appeal, this court will refer to the plaintiffs as Utterback and Birmingham Sales rather than by the names of the bankruptcy trustees.
Pel-Pak and Liberty filed motions for summary judgment, which were granted in favor of Pel-Pak and Liberty on September 29, 1993. The September 29, 1993, order provided in pertinent part:
“It appears to the court that there is no dispute as to any material fact based on what was submitted to the court at the hearing. The court specifically finds that there is an absence of evidence to substantiate any of the grounds in the complaint. In addition, the court finds that the individual plaintiff, Charles Ray Utterback, Sr., has no cause of action against [Pel-Pak and Liberty].
“Accordingly, summary judgment is entered in behalf of [Pel-Pak and Liberty], and [Pel-Pak and Liberty] are dismissed with prejudice, costs taxed to [Utterback and Birmingham Sales]. The court specifically finds that there is no just reason for delay in the entry or finality of this judgment and, accordingly, it is made final under the provisions of Rule 54(b), ARCP.”
On October 1,1993, a motion to vacate the summary judgment in favor of Pel-Pak and Liberty was filed jointly by the attorneys representing Utterback and Birmingham Sales. The motion to vacate was granted on December 16,1993. The December 16,1993, order provided that “[t]he motion of [Utter-back and Birmingham Sales] to vacate the summary judgment previously entered in behalf of [Pel-Pak and Liberty] is granted. The judgments in behalf of [Pel-Pak and Liberty] are set aside and held for naught.”
Thereafter, a motion for clarification, filed by Liberty, was granted by the trial court on March 1, 1994. The March 1, 1994, order provides in pertinent part:
“This court’s vacation of its earlier summary judgment order was not intended to reinstate the individual claims of Charles Ray Utterback, Sr. It was the intention of the court to simply reinstate the corporate claims as against [Liberty] and [Pel-Pak], Accordingly, it is the court’s order that there are no individual claims assertable by Charles Ray Utterback, Sr.”
The trial court, once again, considered this matter at the pretrial/settlement conference held on May 12,1994. The trial court issued an order dated May 12,1994, which stated, in pertinent part:
“The court also considered existing confusion with regard to its earlier orders of September 29, 1993, and March 1, 1994.
“The court’s order of December 16,1993, vacated final summary judgments entered on September 29, 1993, and this court’s order of March 1, 1994, in clarifying that summary judgment order did not make the judgment final. Accordingly, the summary judgment granted in behalf of [Pel-Pak and Liberty], as to the individual claims of Charles Ray Utterback is hereby made final under the provision of Rule 54(b) of the ARCP. The court specifically finds that there is no just reason for delay in the entry or finality of this order.”
Initially, we note that Pel-Pak and Liberty contend that this appeal was not timely filed and should be dismissed. Our review of the record reveals that the notice of appeal was filed on June 3, 1994. In view of the fact that the trial court issued an order granting *477 the motion to vacate summary judgment filed jointly by attorneys representing Utterback and Birmingham Sales and the fact that the trial court issued the order dated May 12, 1994, this court cannot find that this appeal was untimely. Consequently, we will decide the ease based upon the merits.
The dispositive issue is whether the trial court erred when it determined that Utter-back, in his individual capacity, had no cause of action against Pel-Pak and Liberty.
Utterback contends that recent Alabama cases have allowed shareholders to maintain individual causes of action when the shareholders have suffered individual injury by the misdeeds of corporate insiders or third parties. The three recent cases which Utter-back relies upon are Boykin v. Arthur Andersen & Co., 639 So.2d 504 (Ala.1994); Joe Cooper & Associates, Inc. v. Central Life Assurance Co., 614 So.2d 982 (Ala.1992); and Utah Foam Products, Inc. v. Polytec, Inc., 584 So.2d 1345 (Ala.1991).
We have reviewed the cited cases and find each to be distinguishable from the present case. In Boykin, 639 So.2d 504, our supreme court concluded that because the claims asserted by the individual shareholders were not derivative in nature, the trial court’s judgment, which granted a Rule 12(b)(6), A.R.Civ.P., motion in favor of the defendants, should be reversed.
In Joe Cooper & Associates, Inc., 614 So.2d 982, James E. Fox was the president, CEO, and chief stockholder of American Medical Administration Group, Inc. (AMAG), when an agency relationship was negotiated between AMAG and Central Life Assurance Company (Central). Our supreme court reversed the trial court’s judgment which had directed a verdict in favor of Central on Fox’s fraud claim in his individual capacity. Our supreme court found that Fox had presented “evidence sufficient to establish a question as to whether Central intended to harm Fox personally and whether Fox sustained personal damage as a result of the alleged fraud.” Joe Cooper & Associates, Inc., 614 So.2d at 992. However, we would note that the evidence that Fox had presented indicated that officers for Central had made specific representations to him, which he had relied upon, during the course of the negotiations.
We would note that our supreme court made the following pertinent statement in Pittman v. Mast Advertising Publishing, Inc., 619 So.2d 1377,1380 (Ala.1993): “As we construe Utah Foam Products, [584 So.2d 1345], this Court did not hold that the individual counter-plaintiff had an independent right to sue to recover damages based on claims that derived from the corporation.” (Emphasis added.)
Our review of the record reveals that the agreements not to compete were executed between Birmingham Sales and its employees, Gunnin and McDonald. Birmingham Sales, and not Utterback, obtained the temporary restraining order and the preliminary injunction, which, Utterback contends, Pel-Pak and Liberty aided Gunnin and McDonald in violating.
We would note that Utterback was unable to cite specific examples of how Pel-Pak and Liberty intended to harm him personally. In fact, when Utterback testified at his deposition, he stated that because he was the sole shareholder of Birmingham Sales, any actions directed toward Birmingham Sales by the defendants were directed toward him personally. Therefore, it appears that if any of the alleged tortious conduct was committed by Pel-Pak and Liberty, it was directed toward Birmingham Sales, and not Utter-back in his individual capacity.
In view of the above, we conclude that whatever damages Utterback may have suffered due to the alleged tortious conduct on the part of Pel-Pak and Liberty were incidental to his status as a stockholder in Birmingham Sales and that the motions for summary judgment were properly granted in favor of Pel-Pak and Liberty. McLaughlin v. Pannell Kerr Forster, 589 So.2d 143 (Ala. 1991).
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions *478 of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.