PER CURIAM.
In quashing the writ of certiorari, this Court does not wish to be understood as approving all the language, reasons, or statements of law in the opinion of the Court of Civil Appeals. Horsley v. Horsley, 291 Ala. 782, 280 So.2d 155 (1973). See Copeland v. Samford University, 686 So.2d 190, 196 (Ala.1996) (holding that an objection to the procedural sufficiency of a motion for summary judgment must be made before the entry of a judgment, and not by a post-judgment motion); Ufford v. American Indem. Co., 631 So.2d 959, 962 (Ala.1994) (holding that a summary judgment is improper where the mov- *809 ant fails to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law).
WRIT QUASHED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.