976 So.2d 497 (2007)
T.S.
v.
E.J.
No. 2060235.
Court of Civil Appeals of Alabama.
June 29, 2007.
*498 Jerry M. Blevins, Montgomery, for appellant.
Submitted on appellant's brief only.
PITTMAN, Judge.
In March 2006, T.S. and her sister L.S., through counsel, filed a verified complaint in the domestic-relations division of the Montgomery Circuit Court, which sits as the juvenile court in that county (see generally State ex rel. Provitt v. Coleman, 821 So.2d 1015, 1016 (Ala.Civ.App.2001), and Ex parte Jones, 896 So.2d 553, 554 (Ala. Civ.App.2004)), seeking a determination that W.J., a minor child born in December 2002 ("the child"), was "dependent" as defined in § 12-15-1(10), Ala.Code 1975; the plaintiffs contended that the child was without a parent able to provide for the child's support, training, or education and that the child's custody was in controversy. The plaintiffs testified in their custody affidavit accompanying the complaint that the child had lived with them from when she was one month old until one week before the filing of the complaint; they further testified that the child's biological mother, E.J. ("the mother"), had taken the child away from them and had placed her in a "foreign" and "unsafe" environment in that, the plaintiffs said, the mother had been selling drugs and had neglected to take the child to preschool and medical appointments. A guardian ad litem ("GAL") was appointed to represent the interests of the child, and counsel appeared for the mother as well.
On March 29, 2006, the mother submitted to a drug test; the results of that test were positive for cocaine and marijuana use. The mother thereafter attended an individualized-service-plan ("ISP") meeting on April 6, 2006, at which time it was decided that the mother would not be left alone with the child and her other four children. The Montgomery County Department of Human Resources ("DHR") filed a report in the juvenile court on April 14, 2006, recommending that the child be temporarily left in the care of the mother, with the plaintiffs having limited visitation. At that time, the juvenile court entered an order placing the child with the mother pending a final hearing but directing the mother to comply with DHR's recommendations and requiring DHR to notify the juvenile court of any noncooperation by the mother.
A DHR report prepared on June 20, 2006, indicated that the mother had progressed *499 "extremely well" in an outpatient drug-treatment program and that she, the child, and the mother's other children had joined a church and become active members. Two days after DHR had filed its second report, the juvenile court held a hearing in the matter and subsequently entered an order maintaining the status quo; a trial was set for November 2006. In July 2006, through new counsel, the plaintiffs amended their verified complaint to allege additional grounds of dependency, i.e., that the child had been abandoned and that the child's mother was unable to discharge her responsibilities to and for the child.
In August 2006, the mother, on her own behalf and on the apparent behalf of the GAL, moved to quash discovery and for a judgment on the pleadings or, in the alternative, for a summary judgment in the mother's favor; in that motion, the mother averred that the plaintiffs were unrelated to the child, that the mother was capable of taking care of the child and could call upon relatives to assist her in that regard, and that "no issue of fact . . . would in any way whatever change the circumstances of this case." The mother stated that her motion was based upon the juvenile court's records in the case and the GAL's apparent agreement that the plaintiffs were not entitled to relief. In response, the plaintiffs filed a motion that sought an order striking all inadmissible materials in the court record from consideration and that contained a response opposing the mother's motion for a judgment in her favor in which the plaintiffs asserted that they had standing to seek a finding of dependency despite the absence of any kinship to the child. In the days immediately preceding the scheduled trial, L.S. removed herself as a plaintiff on her own motion, leaving T.S. as the sole plaintiff; DHR also filed a third court report in which it recommended that the mother receive legal and physical custody of the child.
On November 2, 2006, the date set for trial, the juvenile court indicated on the record that it had reviewed DHR's report and the report filed on that day by the GAL (which also had recommended that the mother be awarded custody of the child)  reports that, T.S. contended, contained inadmissible hearsay statements. The juvenile court orally denied T.S.'s motion to strike and indicated that the mother's motion for a judgment on the pleadings or, in the alternative, for a summary judgment would be granted, implicitly rejecting T.S.'s arguments that "[t]he issue of whether the child is dependent cannot be determined at this point." The juvenile court expressly stated on the record at the November 2, 2006, hearing that counsel for the mother was to prepare a judgment form for the juvenile court to execute. Thus, although the juvenile court signed notations on the case-action-summary sheet on November 2, 2006, indicating that it had considered the "GAL Recommendation along with DHR Report" in connection with the mother's motion, that the mother's motion was due to be "granted," that T.S.'s motion (apparently referring to the motion to strike) was due to be "denied," and that the mother would be granted custody with DHR to continue to offer services to the mother, we cannot conclude that those entries "`indicate[] an intention to adjudicate, considering the whole record,' as required by Rule 58(b), Ala. R. Civ. P."[1]Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).
*500 On November 14, 2006, T.S. filed a motion that requested, among other things, that the juvenile court "alter, amend, or vacate" its judgment; however, at that time, no judgment form had been executed by the juvenile court. On November 16, 2006, the juvenile court entered a judgment by signing a form prepared by counsel for the mother that contained a summary of factual and legal determinations. At that time, T.S.'s motion to alter, amend, or vacate "became effective" (see New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala.2004)) so as to toll, pursuant to Rule 4(a)(3), Ala. R.App. P., the time for taking an appeal during its pendency. Because the juvenile court did not expressly rule on that motion, the motion was deemed denied, pursuant to Rule 1(B), Ala. R. Juv. P., on November 30, 2006; thus, T.S.'s notice of appeal, filed on December 8, 2006, was timely filed under Rule 4(a)(1)(E), Ala. R.App. P.
T.S. raises two issues on appeal. We deem the second issue to be dispositive: whether the juvenile court erred in granting the mother's motion for a judgment on the pleadings or, in the alternative, for a summary judgment rather than holding an evidentiary hearing on the dependency petition.[2] As a threshold matter, we note that Rule 12(c), Ala. R. Civ. P., provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56," Ala. R. Civ. P. Because the juvenile court, rather than excluding matters outside the parties' pleadings, expressly took notice of the DHR reports, the report of the GAL, and certain admissions made by the mother pursuant to Rule 36, Ala. R. Civ. P., we construe its judgment to be a summary judgment rather than a judgment on the pleadings. See Vise v. Cole Sanitation, Inc., 591 So.2d 32, 33 (Ala.1991).[3]
Rule 56, Ala. R. Civ. P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, a trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. However, the party who moves for a summary judgment bears, under our law, "`the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment.'" Ex parte General Motors Corp., 769 So.2d 903, 909 (Ala.1999) (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). Because the burden of proof at trial would have been laid upon T.S., the mother had the ability to satisfy her burden of production by submitting affirmative evidence that negated an essential element of T.S.'s claim or by demonstrating that T.S.'s evidence is insufficient to establish an essential element of T.S.'s claim. General Motors, 769 So.2d at 909. Finally, in determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala. 1993).
As we have noted, T.S.'s verified complaint, as amended, advanced four *501 principal grounds for a finding of dependency: (1) that the child's custody was in controversy; (2) that the child lacked a parent able to provide for the child's support, training, or education; (3) that the child's mother was unable to discharge her responsibilities to and for the child; and (4) that the child had been abandoned by the mother. With respect to the abandonment ground, the affidavit filed in support of the complaint contained testimony to the effect that the child had resided with T.S. and L.S. since she was six weeks old, that the mother had asked T.S. and L.S. at that time to take care of the child, and that the mother had agreed at that time to "never come get her." In contrast, the reports filed by DHR address only matters that took place in the life of the mother and the child following the filing of the action in March 2006, such as the mother's progress with respect to drug treatment. The GAL's report contains statements to the effect that the mother had denied having left the child with T.S. and L.S. and that the mother had stated that she had always cared for the child; the mother, according to the GAL, attributed the filing of the dependency complaint upon a decision to allow the child's maternal uncle, rather than T.S., to claim the child as a dependent for income-tax purposes.
The juvenile court may well have concluded from the reports submitted by DHR and the GAL addressing the mother's current circumstances that the evidence clearly warranted a judgment as a matter of law as to any contention that the mother was unable to support, train, educate, or discharge any of her other responsibilities as to the child. However, those reports do not negate all the material issues raised by T.S. in that she also claims that the child is dependent because the mother abandoned the child. Under Ala. Code 1975, § 12-15-1(10)i., a child "[w]ho has been abandoned by the child's parents" is included within the definition of "dependent child"; the Code, in turn, defines "abandonment" as including "voluntary and intentional relinquishment of the custody of a child by a parent," "withholding from the child, without good cause or excuse, by the parent, of his presence, care, love, protection, maintenance or the opportunity for the display of filial affection," "the failure to claim the rights of a parent," and "failure to perform the duties of a parent." Ala.Code 1975, § 26-18-3(1). The evidence relied upon by the mother does not conclusively negate any issue concerning whether she intended to voluntarily and intentionally relinquish her rights to the child to T.S. when the child was six weeks old, and a trier of fact may well credit T.S.'s testimony tending to indicate that such an abandonment did indeed occur. "[S]ummary judgment may not substitute for the trial of issues of fact." State v. Robinson, 510 So.2d 834, 836 (Ala. Civ.App.1987).
Based upon the foregoing facts and authorities, the juvenile court's summary judgment was entered in error. That judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion. The motion of T.S. for expedited review is denied as moot. See also L.C.S. v. J.N.F., 941 So.2d 973, 978 (Ala.Civ.App.2005) (noting the custom of this court to decide juvenile appeals "with dispatch" in light of the importance of family-law questions generally presented), cert. denied, ___ U.S. ____, 127 S.Ct. 504, 166 L.Ed.2d 368 (2006).
REVERSED AND REMANDED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.
NOTES
[1] Under Rule 1(A), Ala. R. Juv. P., the Alabama Rules of Civil Procedure are applicable to juvenile proceedings to the extent that they are not inconsistent with the Alabama Rules of Juvenile Procedure.
[2] The mother, the GAL, and DHR have not favored this court with briefs.
[3] We note that the mother did not file a narrative summary of undisputed facts in support of her motion, as required by Rule 56(c)(1), Ala. R. Civ. P.; however, that omission does not constitute reversible error in this case because T.S. did not assert in the juvenile court any objection to the procedural sufficiency of the mother's motion based upon that omission. See Ex parte Rehabworks of Florida, Inc., 727 So.2d 808 (Ala. 1998).